**NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

No. 22-2225

_____

IN RE: GINA RUSSOMANNO,
                                             Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civ. Nos. 3-19-cv-05945 & 3-20-cv-12336)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 14, 2022
Before:  KRAUSE, MATEY and PHIPPS, Circuit Judges

(Opinion filed: August 30, 2022)

_____

OPINION*

_____

PER CURIAM

In 2019, pro se petitioner Gina Russomanno filed a lawsuit against her former

employers, Sunovion Pharmaceuticals, Inc. (Sunovion) and IQVIA, Inc., for wrongful

termination.  The District Court granted the defendants' motion to dismiss the complaint

with prejudice.  Russomanno did not appeal from that decision.  Shortly thereafter,

Russomanno filed another lawsuit against Sunovion and four of its employees.  Based on

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

res judicata, the District Court again dismissed the complaint with prejudice. This Court affirmed the District Court's ruling on appeal. See Russomanno v. Dugan, No. 21-2004, 2021 WL 4075790 (3d Cir. 2021). Russomanno has now filed a petition for a writ of mandamus in this Court. For the following reasons, we will deny it.

In her petition, Russomanno asks us to direct the District Court to reopen her first case so that she can file an amended complaint. She also appears to ask us to direct the District Court to vacate the order dismissing her second case. But mandamus is a drastic remedy that is available only if there are no other means to obtain the desired relief. See In re Sch. Asbestos Litig., 977 F.2d 764, 772 (3d Cir. 1992) (citing Will v. United States, 389 U.S. 90, 96 (1967)). It is not an alternative to an appeal. See In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003). Russomanno has already appealed the dismissal of her second complaint and could have appealed the dismissal of her first. See Helstoski v. Meanor, 442 U.S. 500, 506 (1979). She also could have moved to reopen her first case in the District Court.

Mandamus relief is therefore inappropriate, and we will accordingly deny the petition for a writ of mandamus.